IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jamie Daniels,

          Plaintiff,

   -vs-

John Tharp, et al.,

          Defendants.

Case No. 3:16 CV 2830

ORDER DENYING MOTIONS
AND REQUESTED SUBPOENAS

JUDGE JACK ZOUHARY

Pending before this Court are Plaintiff *pro se* Jamie Daniels' Motion for Medical Expert Assistance (Doc. 42), Motion to Compel Plaintiff's Prior Counsel to Produce Records (Doc. 51), several Requests for Issuance of Subpoenas (Docs. 43–45), and several Proposed Subpoenas (Docs. 46–49, 54).

First, Daniels asks this Court to grant "an Order for Medical Expert assistance" because he "does not have the funds" to do so himself (Doc. 42, Doc. 42-1 at 2). But although Daniels is proceeding *in forma pauperis*, 28 U.S.C. § 1915 does not grant this Court authority to pay his expert witness fees. *Johnson v. Hubbard*, 698 F.2d 286, 288–89 (6th Cir. 1983), *abrogated on other grounds by L & W Supply Corp. v. Acuity*, 475 F.3d 737 (6th Cir 2007). Further, "there is no constitutional requirement to waive costs of transcripts, expert witness fees, and fees to secure depositions." *Id.* at 289. This Motion is denied.

Second, Daniels seeks an order compelling his prior counsel to produce a variety of discovery documents. He "contends that [his prior counsel] has failed to produce and provide him with the requested" documents (Doc. 51 at 2). But his prior counsel certified to this Court "that the complete

file for the instant case was sent to, and delivered to," Daniels (Doc. 32 at 1). He also submitted receipts confirming as much (Doc. 32-1). This Court sees no reason, other than Daniels' bald assertions, to doubt his prior counsel's certification.

Daniels further asserts that his prior counsel "possibly failed to obtain valuable discovery and possibly failed to file a discovery order," and that he will suffer "prejudice due to the initial lack of discovery" (Doc. 51 at 2–3). Daniels seeks no identifiable relief other than compelling his prior counsel to produce documents, which has already been addressed. To the extent Daniels' statements can be construed as alleging ineffective assistance of counsel, this Court notes that "[i]t is well-settled that there is no constitutional or statutory right to effective assistance of counsel in a civil case." *Adams v. Vidor*, 12 F. App'x 317, 319 (6th Cir. 2001).

Third, Daniels asks this Court to issue subpoenas to Jail Counselor Eric Henderson, Correctional Officer D. O'Neil, Correctional Officer Mylek, Nurse Jennifer, Correctional Officer Ali Ittiawi, Correctional Officer Burdge, Andrew Fuqua, Attorney Jane Roman, Lieutenant Coleman, and Nurse Patty (Docs. 43–45). On their face, the Requests seek subpoenas directing these non-parties to appear and testify at the October 2018 trial. They are therefore denied as premature. The parties are currently briefing summary judgment, with Daniels' response due by **Wednesday, August 15, 2018**. Daniels may refile his Requests, if appropriate, after a ruling on summary judgment.

Finally, Daniels filed several Proposed Subpoenas addressed to additional non-parties (Docs. 46–49, 54). These, too, are denied. To the extent he also seeks to have these non-parties appear at the October 2018 trial, the Proposed Subpoenas are premature for the reasons stated above. And to the extent the Proposed Subpoenas can be interpreted as discovery requests, they are untimely. The liability discovery deadline in this case was May 28, 2018 (Doc. 24). Although this Court allowed Daniels until July 10, 2018 "*to respond* to Defendants' discovery requests," it did not otherwise

extend the discovery deadlines (Doc. 31; *see also* Doc. 34) (emphasis added).  Nor did Daniels request any such extension.  Whether any additional discovery as to the issue of damages is necessary can be addressed, if needed, after a ruling on summary judgment.

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 27, 2018